UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| BEST WESTERN INTERNATIONAL, INC. | * | CIVIL ACTION NO. 12-0121 |
| VERSUS | * | JUDGE DONALD E. WALTER |
| JOSHI S. BHAGIRATH AKA BHAGIRATH JOSHI D/B/A WESTERN INN PLUS AND MAHI LLC., ET. AL | * | MAG. JUDGE KAREN L. HAYES |

## MEMORANDUM ORDER

Before the undersigned Magistrate Judge, on reference from the District Court, is a Motion to Compel [doc. # 81] filed by Plaintiff Best Western International, Inc. ("Best Western"). On May 7, 2013, Defendants Mahi, LLC and Mr. Bhagirath Joshi (collectively, "Defendants") filed an opposition. [doc. # 89]. Plaintiff did not seek leave of court to file a Reply brief. The matter is now before the court.[1]

### Background

Plaintiff filed suit on February 29, 2012, bringing claims under the Lanham Act. Plaintiff's complaint and amended complaint allege that Defendants, doing business as "Western Inn Plus," are infringing on Plaintiff's federally registered trademarks in that "...use of the name Western Inn Plus comprises an infringement of Best Western's registered trademarks 'Best Western,' 'Best Western Plus,' and 'Best Western Premier'" under 15 U.S.C. §§ 1114(1),

---

[1] As this order does not address one of the matters excepted in 28 U.S.C. § 636(b)(1)(A), nor disposes of any claim on the merits within the meaning of Rule 72 of the Federal Rules of Civil Procedure, this ruling is issued under the authority thereof, and in accordance with the standing order of this court. Any appeal must be made to the district judge in accordance with Rule 72(a) and LR 74.1(W).

1125(A), and 1125(C). [doc. # 14, P. 3].  Plaintiff seeks damages pursuant to 15 U.S.C. § 1117, and a judgment compelling Defendant "to account to Best Western for any and all profits derived by it from its illegal acts," among other remedies.  [doc. # 1, P. 10]. Additionally, Plaintiff seeks relief under the Louisiana Unfair Trade Practices and Consumer Protection Act. *See* [docs. # 1, 14, 56, 88].

According to Plaintiff's amended complaint, Defendants Bhagirath Joshi and Mahi LLC, a Louisiana limited liability company, "are engaged together in the operation, management, and/or ownership of a hotel called 'Western Inn Plus.'" [doc. # 14, P. 2]. Defendants began operating the hotel in question on or about April of 2010 as "Travel Inn," and, on or about April of 2011, changed the name to "Western Inn Plus." [Deposition of defendant Bhagirath Joshi, doc. # 81-5, P. 25-26]

On August 17, 2012, Plaintiff propounded discovery to Defendants Bhagirath Joshi and Mahi. *See* [doc. # 81-1, P. 4]. At issue are the following requests for production of documents seeking information and documentation regarding Defendants' tax, financial, accounting, and banking records as well as their general business practices:

**REQUEST FOR PRODUCTION NO. 4:**

Please produce any and all income tax returns, including W-2 forms, that you have filed (or that have been filed on your behalf) from 2002 through the present; including all associated work papers and supporting documentation.

*          *          *

**REQUEST FOR PRODUCTION NO. 13:**

Please produce your banking recordings, including, without limitation, monthly banking statements, for the past five years.

2

\* \* \*

**REQUEST FOR PRODUCTION NO. 15:**

Please produce copies of your accounting records, including, without limitation, electronic records kept on accounting software programs such as "Quickbooks," for the past five years.

\* \* \*

**REQUEST FOR PRODUCTION NO. 18:**

Please produce all documents reflecting or evidencing the income and expenses of the hotel doing business as the "Western Inn Plus," including, without limitation, books of general ledger, general journal, purchase journal, sales journal, cash receipts journal, cash disbursements journal, accounts receivable ledger, accounts payable ledger, cancelled checks, bank statements, duplicate deposit slips, check registers, and payroll records.

**REQUEST FOR PRODUCTION NO. 19:**

Please produce all audit reports and all working papers of accountants, bookkeepers, or other persons employed or engaged by you relating to the business of the "Western Inn Plus."

\* \* \*

**REQUEST FOR PRODUCTION NO. 22:**

Please produce copies of all statements for state and local property taxes for the property on which the "Western Inn Plus" hotel is being operated for the past ten years.

[doc. # 81-2, P. 4-5, 9, 10, 11, 12, 13]².

---

² The undersigned notes that the above-listed document production requests are numbered as they appear in Defendant Mahi's "Response to Plaintiff's first set of requests for production." The same requests appear in Defendant Bhagirath Joshi's "Responses to Plaintiff's first set of requests for production" with his responses to request Nos. 2, 14, 16, 21, 23, 26, respectively. *See* [doc. # 81-3, P. 4, 10, 12, 15, 16, 18], Because the requests themselves were not provided, it is not clear whether the discovery propounded to one of the defendants was numbered differently, or whether one of the defendants misnumbered the requests when retyping them for his or its responses. In either case, for convenience, the court will refer to the requests by the numbers

On September 24, 2012, in response to the requests, Defendant Mahi produced (1) income tax returns for 2010 and 2011; (2) "profit and loss statements for 2010 and 2011"; and, (3) a balance sheet for 2010.  *See* [doc. # 81-2]; *see also* [doc. # 89, P. 3]; [doc. # 81-1, P. 5]. Additionally, in response to document production request No. 13, Defendant Mahi stated that it "will produce its bank statements from 2009 to present subject to a protective order." [doc. # 81-2, P. 10].  However, Defendant Mahi has not produced the requested bank statements, despite the entry of a protective order on November 26, 2012.  *See* [doc. # 81-1, P. 9; doc #58].   Regarding the remaining document production requests, "Defendants either refused to produce or stated that they did not have in their 'possession' any of the foregoing documents requested by Best Western." [doc. # 81-1, P. 5]; *see also* [doc. # 89, P. 3].

On April 17, 2013, Plaintiff filed the instant motion, seeking complete responses to the aforementioned discovery requests.  Plaintiff contends that the "financial information sought by Best Western is relevant to its claim for damages under the Lanham Act as well as to the specifics of the Defendants' business operations and the development and promotion of the 'Western Inn Plus' mark and motel." [doc. # 81-1, P. 7].  In opposition, Defendants argue that the written discovery is overly broad, unduly burdensome, encompasses documents with no relevance to the proceedings, is premature in the absence of a judgment in favor of the plaintiff on the liability issue, and that they have already produced the documents relevant to the plaintiff's claim.   The matter is now before the Court.

## **Analysis**

Under the Federal Rules of Civil Procedure, Rule 26(b)(1),

---

used in the Plaintiff's brief and in the Mahi responses.

> [p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid., Rule 401. Discovery may be limited by the court for good cause shown "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26 (c).

Discovery requests for documents and tangible things are governed by Rule 34 of the Federal Rules of Civil Procedure. The rule in relevant part states that,

> Any party may serve on any other party a request to produce and permit the party making the request, or someone acting on the requestor's behalf, to inspect and copy, any designated documents (including writings, drawings, graphs, charts, photographs, phonorecords, and other data compilations from which information can be obtained, translated, if necessary, by the respondent through detection devices into reasonably usable form), or to inspect and copy, test, or sample any tangible things which constitute or contain matters within the scope of and which are in the possession, custody or control of the party upon whom the request is served.

Fed. R. Civ. P. 34(a).

Motions to compel are authorized by Rule 37 of the Federal Rules of Civil Procedure:

> [If] a party fails to answer an interrogatory submitted under Rule 33, or if a party, in response to a request for inspection submitted under Rule 34, fails to respond that inspection will be permitted as requested or fails to permit inspection as requested, the discovering party may move for an order compelling an answer, or a designation, or an order compelling inspection in accordance with the request. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make the discovery in an effort to secure the information or material without court action.

Fed. R. Civ. P. 37(a)(2)(B).

Financial data, including tax returns and statements of income from all sources, are subject to discovery where relevant to plaintiff's claim for damages. *Patton v. Southern Bell Tel. & Tel. Co.*, 38 F.R.D. 428, 430 (N.D. Ga. 1965). Moreover, information related to Defendants' bank accounts is likely to provide the most effective measure of the revenues generated by Defendants in the alleged contravention of the Lanham Act. *Gucci Am., Inc. v. Weixing Li*, No. 10-4974, 2011 U.S. Dist. LEXIS 97814, at * 17 (S.D.N.Y. Aug. 23, 2011); *see also Members 1st Fed. Credit Union v. Metro Bank*, 2011 U.S. Dist. LEXIS 6005, at * 15-16 (M.D. Pa. Jan. 21, 2011) ("Under the Lanham Act the Defendants cannot escape an accounting of profits by responding to discovery requests for "annual revenues for products and/or services provided or sold under the 'Metro Bank' mark since the first date of use of the 'Metro Bank' mark" by providing financial reports that do not clearly delineate the source of its income."). The extent of discovery that the court should permit is dependant upon the issues presented in the case.

As Plaintiff points out in its brief, the Lanham Act specifically authorizes disgorgement of a defendant's profits in cases of willful infringement of a federally registered trademark:

> (a) Profits; damages and costs; attorney fees. When a violation of any right of the registrant of a mark registered in the Patent and Trademark Office, a violation under section 43(a) or (d) [15 USCS § 1125(a) or (d)], or a willful violation under section 43(c) [15 USCS § 1125(c)], shall have been established in any civil action arising under this Act, the plaintiff shall be entitled, subject to the provisions of sections 29 and 32 [15 USCS §§ 1111, 1114], and subject to the principles of equity, to recover (1) defendant's profits, (2) any damages sustained by the plaintiff, and (3) the costs of the action. The court shall assess such profits and damages or cause the same to be assessed under its direction. In assessing profits the plaintiff shall be required to prove defendant's sales only; defendant must prove all elements of cost or deduction claimed. In assessing damages the court may enter judgment, according to the circumstances of the case, for any sum above the amount found as actual damages, not exceeding three times such amount. If the court shall find that the amount of the

> recovery based on profits is either inadequate or excessive the court may in its discretion enter judgment for such sum as the court shall find to be just, according to the circumstances of the case. Such sum in either of the above circumstances shall constitute compensation and not a penalty. The court in exceptional cases may award reasonable attorney fees to the prevailing party.

15 U.S.C. § 1117(a). Therefore, in order to prove damages under the Lanham Act, Plaintiff correctly argues that it "is entitled to conduct discovery on the Defendants' revenue and expenses as relevant to damages under Section 1117." [doc. # 81-1, P. 8] (citing 8 Fed. Prac. & Proc. Civ. § 2008.4 (3d ed. § 2008.4). Although Defendant Mahi has produced "profit and loss and income tax statements for 2010 and 2011," Plaintiff argues that it is entitled to backup documents in order for it to establish Defendants' "revenue and expenses that make up those statements . . . from the time that [Defendants] started operating the Western Inn Plus in 2011 to the present as relevant to their damages under the Lanham Act." [doc. # 81-1. P. 6].

To that end, Plaintiff seeks Defendants': (1) revenue and expense information, "including any and all income tax returns from 2002" to the present; (2) bank records, "including . . . monthly banking statements, for the past five years;" (3) accounting recordings "including . . . records kept on accounting software programs . . ."; (4) financial documents including "all documents reflecting or evidencing the income and expenses of the hotel" in question; (5)"working papers of accountants, bookkeepers, or other persons engaged by you relating" to the hotel in question; and, (6) "statements for state and local property taxes" for the hotel in question for the past ten years. [doc. # 89, P. 3].

Having reviewed the requests at issue, the Court concludes Plaintiff's claim for disgorgement of profits entitles it to inquire into what profits were in fact made, and to the production of sufficient backup documentation to allow it to test any figures listed on tax returns,

profit and loss statements, or the like.  However, many of Plaintiff's requests are overbroad in that they seek information outside of the relevant time period.  Though there appears to be no dispute that the allegedly wrongful conduct complained of began no earlier than April 2011, the time frames in Plaintiff's document production requests vary from seeking documents for a five year period to seeking documents with no time limitations at all.  The court concludes that while responses are due to Requests No. 4, 13, 15, 18, and 19, those responses should be limited to the time period from April of 2010 (the date Defendants began operating Travel Inn) to the present.

      As for Defendants' claim that they simply do not create, maintain, or possess many of the kinds of records contemplated by the document requests, it is unclear in many of Defendants responses whether there are responsive documents which, although not in their possession, are in their control.  Accordingly, while nothing in this order requires Defendants to produce what they do not have or control, where this order compels a further response to a request, Defendants must either produce all documents responsive to the request (as limited by this order), or serve a further response unequivocally stating that no documents exist in its possession, custody, or control that are responsive to that specific request.  Moreover, defendants are reminded that, even though the documents are not directly in Defendants' control, Rule 34(a)(1) entitles Plaintiff to responsive documents that Defendants have "a legal right to obtain . . . on demand or the practical ability to obtain the documents from a non-party to the action." *Piazza's Seafood World, L.L.C. v. Odom*, No. 07-0413, 2011 U.S. Dist. LEXIS 93091, at *12 (M.D. La. Aug. 18, 2011)(citing *Monroe's Estate v. Bottle Rock Power Corp.*, No. 03-2682, 2004 U.S. Dist. LEXIS 5737, at * 32 (E.D.La. 2004)).  Therefore, Defendants are required to obtain and provide all documents, including but not limited to bank statements and accounting records, that they have a legal right or practical ability

to obtain from a non-party.

Finally, document production request No. 22 (No. 26 in Defendant Bhagirath Joshi's responses) seeks "state and local property taxes for the property on which the 'Western Inn Plus' hotel is being operated for the past ten years"; however, plaintiff has failed to establish the relevance of property taxes to the issue of damages or any other issue in this case. Plaintiff's motion to compel is therefore Denied as to that request.

## Conclusion

For the foregoing reasons,

**IT IS ORDERED** that Plaintiff's Motion to Compel [doc. # 81] is **GRANTED in part and DENIED in part** as follows:

Defendants Bhagirath Joshi and Mahi LLC are hereby **ORDERED** to provide complete responses to Requests for Production Nos. 4, 13, 15, 18, 19 (or, as numbered in Joshi's responses, Requests for Production Nos. 2, 14, 16, 21, and 23), **limited to the time period from April of 2010 to the present**.

Plaintiff's motion to compel is otherwise **DENIED.**

Defendants' responses are due no later than **twenty (20) days** from the date of this Order.

THUS DONE AND SIGNED in chambers, at Monroe, Louisiana, this 14th day of May, 2013.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE